[No. 6177.]

THE G. G. LIEBHARDT PRODUCE COMPANY v.
GIBBS ET AL.

Instructions—Matter Not Within the Issue—The action being upon a contract, the defendant set up by answer a subsequent agreement vacating that contract. Plaintiff replied by a denial. An instruction that, if the second contract was obtained by a misrepresentation the first must govern, is error, the matter not being within the issues.—(614)

*Appeal from Rio Grande District Court*—Hon. CHARLES C. HOLBROOK, Judge.

Mr. J. W. DAVIDSON, for appellants.

Mr. IRA J. BLOOMFIELD, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action by the appellees, plaintiffs below, against the appellant company, defendant below, to recover the value of a carload of potatoes, which plaintiffs claim they shipped to defendant on its

order. From the judgment in plaintiffs' favor defendant appeals, and has assigned numerous errors.

The answer, while admitting that defendant ordered of plaintiffs a carload of potatoes, denies that those shipped were of the quality specified in the order. Whether that defense be true is not determined on this review. There was a special defense in the answer that the potatoes shipped, when received and examined, were in a state of decay and not marketable, of which plaintiffs were duly notified; who thereafter, through an examination by their own agent, found such report to be true, and they then authorized the defendant, as their agent, to sell the same for their account, for the best price obtainable, and remit the proceeds, which defendant says that it did. This affirmative defense of the answer was denied. In one of its instructions to the jury the court said that if the subsequent contract, the one set up in this special defense, was entered into by reason of deceit or misrepresentation on the part of defendant, then the original contract must govern within the limitations of the instructions given by the court. Defendant duly objected to this instruction and preserved its exception. We think that it was manifestly wrong, misleading, not within the issues, and prejudicial to defendant. From the foregoing statement of the pleadings it will be observed that no issue was raised thereby as to deceit or misrepresentation on the part of defendant. The complaint is silent as to any fraudulent acts of defendant, and the replication merely denies the defense of the answer setting up a new contract. Plaintiffs virtually concede this when they say that the court gave this instruction to meet the issues presented by the evidence. As we read the record, if it be assumed the issue was present, there is no evidence whatever tending to show that defendant was guilty of fraud or deceit which led

plaintiffs to make the subsequent contract authorizing defendant to sell the unmarketable potatoes on their account and remit the proceeds. On the contrary, the evidence is uncontradicted that plaintiffs, when notified by defendant of their condition, through their attorney employed an agent to examine them, which he did, and reported that they were unmarketable at any price, and upon the receipt of this information plaintiffs instructed their attorney to have defendant sell the potatoes on their account, which was done, and the net proceeds were remitted to plaintiffs. Other errors directed to the uncertainty of the verdict, the taking by the jury of depositions to the jury room, rulings on evidence, and mistakes in other instructions, are not discussed, as we are compelled to reverse the judgment because of the erroneous instruction referred to. The judgment is reversed and the cause remanded.     *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.